THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEMETRIUS HARTFIELD, Defendant-Appellant.

First District (2nd Division)   No. 1—92—4057

Opinion filed September 13, 1994.

Rita A. Fry, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Veronica Calderon, and Tamara Loury, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant, Demetrius Hartfield, was convicted of aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(2) (West 1992) (amended 1993)) and sentenced to 10 years' imprisonment following a bench trial. He contends that the evidence was insufficient to prove his guilt because it failed to establish beyond a reasonable doubt that he discharged a weapon in the direction of another person.

At trial, Detective Kenneth Fligelman testified that at 4:45 p.m. on April 3, 1992, he was driving his unmarked squad car northbound on Milwaukee Avenue near Noble Street in Chicago. A group of Latino youths and a group of African-American youths converged onto the middle of the street. Members of both groups were armed with boards, bats, and pipes, and engaged in a verbal exchange. The detective drove his vehicle between the two groups.

Defendant arrived in a beige 1981 Datsun station wagon and parked beside a curb 20 feet away from the detective. Defendant abruptly exited the vehicle, but then turned and retrieved a gun from his car. He walked briskly, chambered the weapon for firing, and concealed it under his three-quarter-length maroon parka. After someone yelled "there is the police," the detective shouted his office. Defendant turned and drew his weapon before running into a gangway between two buildings in the Noble Housing Project. The detective hid behind his squad car before pursuing defendant. During the chase, the detective heard gunshots but never saw defendant fire his weapon.

Detective Fligelman further testified that he went down to the ground when he heard the shots fired. He did not see anyone other than defendant throughout the pursuit. Defendant escaped. He was later arrested after an investigation.

■ When a defendant challenges the evidence as insufficient to support the conviction, the standard of review is whether, after considering the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Wilson* (1991), 143 Ill. 2d 236, 246, 572 N.E.2d 937.) The offense of aggravated discharge of a firearm is defined in section 24—1.2(a) of the Criminal Code of 1961, which states in relevant part:

> "(a) A person commits aggravated discharge of a firearm when he knowingly or intentionally:
>> ***
>> (2) Discharges a firearm in the direction of another person ***." (720 ILCS 5/24—1.2(a)(2) (West 1992).)

Consequently, to prove this offense the State must show that the offender knowingly discharged a firearm, "aiming the weapon *in the*

*direction* of a[nother] person." (Emphasis in original.) *People v. James* (1993), 246 Ill. App. 3d 939, 944, 617 N.E.2d 115.

■ Here, the State failed to present any evidence whatsoever that defendant aimed his weapon at Detective Fligelman. The detective specifically testified that he never saw defendant fire his gun. Therefore, the evidence is insufficient to support defendant's conviction and must be reversed.

In reversing defendant's conviction, we reject the State's assertion that the trier of fact reasonably may have inferred that defendant fired his gun at the detective because the detective testified that he was in pursuit of defendant, that he ducked when he heard gunshots, and that he never saw anyone else during the chase. A defendant may be convicted of a crime solely on the basis of circumstantial evidence. (*People v. Dent* (1992), 230 Ill. App. 3d 238, 243, 595 N.E.2d 18.) Circumstantial evidence is proof of facts or circumstances which give rise to reasonable inferences of other facts tending to establish defendant's guilt or innocence. (*People v. Edwards* (1991), 218 Ill. App. 3d 184, 196, 577 N.E.2d 1250.) In our view, the circumstantial evidence relied on by the State is insufficient to support the inference that defendant fired his weapon in the direction of the detective.

For the reasons stated above, the judgment of the circuit court of Cook County is reversed.

Reversed.

SCARIANO and McCORMICK, JJ., concur.